IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,869-01





EX PARTE BOYCE DEE PHILLIPS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR00032-HC-1 IN THE 102ND DISTRICT COURT


FROM RED RIVER COUNTY





 Per curiam.

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and
sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. Phillips v. State, No.
06-06-018-CR (Tex. App. - Texarkana, delivered December 14, 2006, no pet.). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance because
counsel failed to timely notify Applicant that his conviction had been affirmed. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial court has found that Applicant had filed an
appeal with the Court of Criminal Appeals, but he only filed a motion for extension of time, which was
denied. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of
fact. The trial court shall provide appellate counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed or that he could file a pro se petition for
discretionary review. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: August 22, 2007

Do not publish